Nicholson, C. J.,
delivered the opinion of the court.
Eason recovered judgment in 1860, in the Law Court of Memphis, against Beaumont for $902. .Execution was issued to the sheriff, who summoned the Mississippi & Tennessee Railroad Company to appear at court, and answer as to its indebtedness to Beaumont. The execution and the notice to the garnishee were returned to the court in February, 1861. No further step has been taken on the garnishment.
In 1869, a pluries execution on the judgment of Eason v. Beaumont issued, and was in the hands of the sheriff, when Beaumont filed his petition, and obtained a fiat to supersede and quash the plitries execution.
*418 The petition alleges that when the garnishment was served on the railroad company, it owed Beaumont more than the amount of the execution, and that soon afterward Beaumont and the railroad company settled, when the amount of the execution was retained by the railroad company, to be applied to the satisfaction of Eason’s judgment and execution. The petitioner insisted in his petition that the service of the garnishment was a levy of the execution on personal property in the hands of the railroad company sufficient to pay' the judgment and execution, and therefore that the same were thereby satisfied.
Upon motion of the defendant in the petition, the same was dismissed, and the petitioner has appealed.
The only question in the case is, whether the facts stated in the petition constitute such a levy of an execution on personal property as amounted to a satisfaction of the judgment and execution.
The legal effect of the levy of an execution by garnishment is well settled. The moment the garnishment is served, the debt, being then due, passes out of the control of both the debtor and creditor, and, so to speak, is in the custody of the law. The debt is seized in a legal mode, and placed out of the power of the parties. No change could affect the creditor, as his right to the money is fixed by law at the date of service. Arnold v. Linaweaver, 3 Head, 53.
A service on the garnishee creates a lien upon the debt in his hands, which makes him responsible to the plaintiff in attachment. 4 McLean’s 1L, 537.
*419 In the carie of Staley v. Erskine, 12 Leigh’s R., 425, Judge Allen says: “But, in truth, I look upon the service of the attachment as equivalent to an actual levy. The effects may remain in the hands of the garnishee; but, under the control of the court, he acquires a special property in them as agent of the court, and this property is sufficient to protect him against the claims of the owner. The property in the goods is so far divested as to prevent a recovery by the party.”
There is no real conflict in the authorities as to the legal effect of the service of a garnishment. They all hold that it binds the debt, and places it out of the power of the parties. It fixes a lien on the debt or effects in the hands of the garnishee, and he holds them under the control of the court, and acquires a special property in them as agent of the court. As such agent, it is the duty of the garnishee to go to the court with the effects in his hands belonging to the debtor, and make answer according to the requirements of the process of garnishment. When he has answered, admitting his indebtedness, or that he has effects belonging to the debtor, the court proceeds to subject them to the satisfaction of the debt.
But the question is, does the service of the garnishment operate as a satisfaction of the debt, so far as the debtor is concerned, without more being done.? And the answer to this question involves another;— Does the service of the garnishment produce such a divestiture of title out of the debtor, and so vest that *420 title in the garnishee, as to operate as a satisfaction of the debt, as in the case of the levy of an execution on personal property ?
It is well settled that the reason why the levy of an execution on personal property satisfies the debt is, because it divests the title out of the debtor and transfers the possession — both the title and the possession — to the officer. The levy does more than fix a lien on the property; it both fixes the lien, and vests the legal title and the legal possession in the officer, with power to sell. The debtor ceases to have any title to the property; the whole title is in the officer; and hence it is said to be in the custody of the law. The power of disposition is so far complete in the officer that his title continues, and he has the right to sell after the return day, or after the expiration of his office. The power to sell the property is the controlling consequence of the levy, and is that which constitutes it a satisfaction.
And it is in the power of sale that the service of a garnishment on a garnishee differs from the levy of an execution by a sheriff on personal property. The garnishee becomes the agent of the court, not to sell, but to keep and return the property for the action' of the court. He is vested with the special title as a custodian of the property, but not with the title that authorizes him to sell and convey title. If' the debtor sues him for the property, he can interpose his special title for his protection. The title of the debtor is so far divested that he cannot dispute or claim against the special title of the garnishee. If *421 tbe officer is in default in failing to sell, or if be appropriates the property levied on, the creditor is provided by law with indemnity and security in his official bond. If the garnishee fails to make proper answer or ■ return the property of the debtor, if the service of the garnishment operates as satisfaction, the creditor has no indemnity. He can look only to the responsibility of the garnishee. But as the garnishee is not an officer, and has no power to sell, but is simply an agent for the custody of the debtor’s effects in his hands, upon his default the creditor can either waive his right to proceed against the garnishee, and proceed by alias execir' against the debtor, or he may exhaust his remedy against the garnishee, and then resort to his judgment against his debtor for any unsatisfied balance. This is the necessary result of the legal fact that the service of the garnishment does no more than vest in the garnishee a special title as a custodian for the court, and divests the title of the debtor only so far as to restrain his power to regain his property while it is in the custody of the garnishee. So long as the property is in the custody of the garnishee, the creditor cannot resort to his remedy by execution, and if he does so he thereby waives his right to look to the property in the hands of the garnishee, and the debtor at once has the right to reclaim the property.
It follows that there was no error in the dismissal of the petition, and the judgment is affirmed.
*422 A petition for a rehearing having been filed, this was refused, McFaeland, J., delivering the opinion of the court.
We have been asked to reconsider the opinion heretofore rendered in this case. We have endeavored attentively to consider the argument so earnestly pressed upon us.
The question is, whether the service of a garnishment upon one indebted to the execution debtor in an amount sufficient to satisfy the judgment is, without more, a satisfaction of the judgment, upon the principle that the levy of an execution upon personal property of the execution debtor, of value sufficient, is a satisfaction of the execution ?
We are very clearly of opinion that it is not. The grounds for this conclusion, we think, are satisfactorily shown in the opinion heretofore rendered.. We cannot now review in this opinion the authorities referred to, nor can we answer in detail the argument presented.
The distinction between the levy of an execution on personal property, and the service of a garnishment upon, one indebted to the execution debtor, is, we think, obvious. When an officer levies upon personal property under execution, he takes actual possession of it, and has absolute control of it. He has the power, and it is his duty, to sell at once in satisfaction of the debt. He is, for this purpose, vested' with a title to the property, and his sale and delivery carries with it to the purchaser a good title.. *423 He is to make bis sale without any further legal process or proceeding. He may make the sale after the return of the execution, without an order of sale or other legal process.
But even in a ease of this sort, if the levy is-abandoned and, with the consent of the debtor, the property returned to him, it is no satisfaction. But, on the other hand, the service of a garnishment on-one who owes the debtor, only stops the debt, and holds it in the hands of the garnishee subject to the further order and judgment of the court, to be had upon the return of the execution showing the service of the garnishment, without which no steps can be taken by the officer to appropriate the amount to the satisfaction of the creditor’s demand. The effect of a discontinuance or waiver of the garnishment proceeding, without further steps being taken, leaving the amount in the hands of the garnishee, as the petition in this case shows, is to restore the debtor to his right to collect the amount due him from the garnishee, and leave the creditor to his remedy against his original debtor. And had the garnishment proceeding been prosecuted to judgment, we suppose that even then the creditor would have his election to take an alias execution on the original judgment, or upon his judgment against the garnishee.
The petition for rehearing is refused.